TMLF HAWAII, LLLC

PETER T. STONE #2788
DAISY LYNN B. HARTSFIELD #7770
ANYA M. PEREZ #9484
JENNY J.N.A. NAKAMOTO #9780
1001 Bishop Street, Suite 1000
Honolulu, HI 96813
Telephone: 808-489-9741
Facsimile: 808-489-9835

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS, CWABS, INC., ASSET-BACKED, SERIES, 2007-5,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL JOSEPH O'PHELAN; ELLEN JULIA O'PHELAN; DEPARTMENT OF TAXATION - STATE OF HAWAII; JEFF MEEK; MARYLOU ASKREN; UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,<br><br>Defendants. | CIVIL NO. 15-1-0368<br>(FORECLOSURE)<br><br>COMPLAINT FOR MORTGAGE FORECLOSURE; EXHIBITS "A"; ATTORNEY AFFIRMATION; FORECLOSURE MEDIATION NOTICE; FORECLOSURE MEDIATION REQUEST; SUMMONS |

**COMPLAINT FOR MORTGAGE FORECLOSURE**

Plaintiff, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the CertificateHolders, CWABS, Inc., Asset-Backed, Series, 2007-5 ("Plaintiff"), by

119580

and through its undersigned attorney TMLF Hawaii, LLLC for cause of action against the above-named Defendants, avers and alleges as follows:

1. Plaintiff is a New York Corporation, acting solely in its compacity as Trustee.

2. Upon all information and belief, Defendants Daniel Joseph O'Phelan and Ellen Julia O'Phelan reside in the County of Hawaii, State of Hawaii.

3. At all times relevant, Daniel Joseph O'Phelan and Ellen Julia O'Phelan ("Owners") owned the real property located at 319 Haili Street, Hilo, HI 96720, TMK 3-2-3-016-010-0000 ("Property") in fee as tenants by the entirety. The Property, including all improvements and fixtures, is the subject matter of this foreclosure action and is more fully described in Exhibit "A" attached to this complaint and incorporated by reference.

4. Defendant DEPARTMENT OF TAXATION - STATE OF HAWAII may claim an interest in the Property by virtue of that certain Tax Lien recorded in the Bureau of Conveyances of the State of Hawaii ("Bureau"), as Document No. 2009-197277 and further by virtue of that certain Tax Lien recorded in the Bureau as Document No. 2009-010654 and further by virtue of that certain Tax Lien recorded in the Bureau, as Document No. 2010-197519 and further by virtue of that certain Tax Lien recorded in the Bureau as Document No. 2011-085496 and further by virtue of that certain Tax Lien recorded in the Bureau as Document No. A-48470718. Its interest in the Property, if any, is junior to Plaintiff's lien.

5. Defendants Jeff Meek and Marylou Askren may claim an interest in the Property by virtue of that certain Judgment recorded in the Bureau, as Document No. 2010-197519.

6. On 4/8/2008, the United States of America, Department of Treasury, Internal Revenue Service ("IRS") recorded a Notice of Federal Tax Lien in the Bureau as Document No. 2008-054416 against Defendants Daniel Joseph O'Phelan and Ellen Julia O'Phelan, whose

address is 319 Haili Street, Hilo, HI 96720. On 4/24/2012, a Certificate of Release of Federal Tax Lien was recorded in the Bureau as Document No. A-44970740 against Defendant Ellen Julia O'Phelan only. The Notice of Federal Tax Lien against Defendant Daniel Joseph O'Phelan is still in effect.

7. John Does 1-20, Jane Does 1-20, Doe Partnerships 1-20, Doe Corporations 1-20, Doe Entities 1-20, and Doe Governmental Units 1-20 ("Does 1-20") are persons, partnerships, corporations, entities, or governmental units whose names and identities are presently unknown to Plaintiff and who have or may claim some right, title, or interest in the Property. Plaintiff's attorney has obtained a Litigation Guarantee (a title search identifying all entities with a recorded interest in the Property) from a reputable title company. The lien holders and necessary parties to this action, as designated in the Litigation Guarantee, have been identified as defendants in this complaint. As a precaution, Plaintiff has included unidentified defendants in this action as entities who, for reasons as yet unknown, were not identified in the Litigation Guarantee or otherwise made known to Plaintiff.

8. On or about 02/08/2007, Daniel Joseph O'Phelan and Ellen Julia O'Phelan ("Borrowers"), for value received, duly made, executed and delivered to Countrywide Home Loans, Inc. ("Lender") an Interest Only Adjustable Rate Note ("Note") in the amount of $412,000.00. Plaintiff is the current holder of the Note with standing to prosecute the instant action as the Note is endorsed in blank, thereby converting the Note to a bearer instrument, and because Plaintiff is currently in rightful possession of the endorsed Note.

9. For the purpose of securing payment on the Note, ("Owners") duly made, executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for Lender and Lender's successors and assigns, a mortgage ("Mortgage") encumbering the Property. The

Mortgage was filed in the Land Court of the State of Hawaii ("Land Court") on 02/21/2007, as Document No. 3563273 and duly noted on Transfer Certificate of Title No. 791,421.

10. On 9/16/2008, the aforementioned Note and Mortgage were assigned to The Bank of New York, as Trustee for the Benefit of the CertificateHolders, CWABS, Inc., Asset-Backed Series 2007-5 by virtue of Assignment of Mortgage ("Assignment") filed in the Land Court on 10/07/2008 as Land Court Document No. 3795806 and duly noted on Transfer Certificate of Title No. 791,421.

11. Effective 6/26/2008, The Bank of New York merged with and into The Bank of New York Mellon, as reflected by Land Court Order 178008. Plaintiff, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the CertificateHolders, CWABS, Inc., Asset-Backed, Series, 2007-5 is entitled to enforce the Note, Mortgage and Assignment by virtue of its Capacity of Successor by Merger to The Bank of New York, as Trustee for the Benefit of the CertificateHolders, CWABS, Inc., Asset-Backed Series 2007-5.

12. The Mortgage and Note obligated Borrowers to make scheduled payments of the principal and/or interest. The failure of Borrowers to make said payments, plus late charges and advances, represents a default of the repayment terms under the Mortgage and Note. Due to the default under the Note, the Owners are in default under the terms of the Mortgage. As a result of this default, Plaintiff exercised its option in accordance with the terms of the Mortgage and Note to accelerate the loan and declare the entire principal balance of the Mortgage and Note, namely $412,000.00 together with interest, advances, and all other charges, immediately due and payable. Borrowers have failed, refused, and neglected to pay the same.

13. As a result of the above facts, Plaintiff is entitled to foreclose the Mortgage sell the Property as provided in the Mortgage.

14. The Mortgage provides that in the event of foreclosure, Plaintiff may be awarded all sums secured by the Mortgage including reasonable attorneys' fees and costs, and other expenses or advances made necessary or advisable or sustained by Plaintiff because of default or incurred for the benefit or protection of the Property or in connection therewith.

15. As a result of the default under the Note and Mortgage, it has become necessary for the Plaintiff to employ the undersigned attorneys to prosecute this action, and Plaintiff has agreed to pay such attorneys a reasonable fee for their services and costs. Under the terms and provisions of the Note and Mortgage, Plaintiff is entitled to recover its reasonable attorneys' fees and costs in bringing this action. Plaintiff shall seek an award of reasonable attorneys' fees and costs as allowed by Hawaii law.

16. The Owners interest in the Property is subject to the Mortgage. The interest of all other Defendants named herein that may claim an interest in the Property; however, those interests are subordinate, subsequent and/or junior to the Mortgage that Plaintiff seeks to foreclose in this action. Defendant Ellen J. O'Phelan received a bankruptcy discharge for any debt owed Plaintiff on February 13, 2012 in the United States Bankruptcy Court for the District of Alaska in Case no. 11-00778.

WHEREFORE, Plaintiff prays as follows:

1. That process of this Court issue commanding the above-named Defendants to appear or answer the allegations of this complaint.

2. That, the Court ascertain the total amount due to Plaintiff at the time of judgment under the Note and Mortgage, including principal, interest, advances, costs, and attorneys' fees, and that this Court determine and order:

a. That there is due and owing to Plaintiff by virtue of the terms of the Note and Mortgage, a certain sum of money, and that the sum of money together with legal interest accrued, and all advances, costs and attorneys' fees be declared to be a lien upon the Property; and that the Court determine a just and reasonable amount for Plaintiff's attorneys' fees and costs herein;

b. That upon the foreclosure sale herein prayed for, that any ownership and lien interest claimed by any Defendants herein named and all persons claiming any interest in the Property through or under said Defendants, shall be forever barred and foreclosed of and from all right, title, and interest and claims at law or in equity in and to said Property and every part hereof; and that these ownership and lien interests be adjudicated subordinate to the lien of Plaintiff's Mortgage;

c. That this Court appoint a Commissioner to take possession of the Property, and that the Commissioner be authorized to collect rents, deal with and sell the Property for cash in the manner provided by law and by the order of this Court; and that upon the confirmation of the sale by this Court, the Commissioner be authorized and directed to make and deliver to the purchaser such instrument of conveyance as may be appropriate;

d. That after the payment of all necessary expenses of such sale and attorneys' fees, the Commissioner be authorized and directed to make application of the proceeds thereof, so far as the same may be necessary, first to payment of sums found due and owing to Plaintiff herein, including all costs and expenses, and secondly, if there shall be a surplus, to be applied as the court deems fit and proper;

e. That Plaintiff be allowed to be a purchaser at the sale and be authorized to submit a credit bid;

f. That if the proceeds of the sale shall be insufficient to pay the aforesaid sums to Plaintiff and it shall appear that a deficiency exists, deficiency judgment shall then be entered against Defendant Philip Joseph O'Phelan but not against Defendant Ellen J. O'Phelan because her debt has been discharged in bankruptcy.

g. That Plaintiff have such other and further relief as may be just and to the Court, shall seem proper.

**NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE AND THAT THE DEBT MAY BE DISPUTED.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS COMPLAINT IS NOT AND SHOULD NOT IN ANY WAY BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.**

Dated: Honolulu, Hawaii, OCT 0 1 2015 .

PETER T. STONE
DAISYLYNN B. HARTSFIELD
ANYA M. PERE
JENNY J.N.A. NAKAMOTO

Attorneys for Plaintiff

7

# EXHIBIT "A"

# EXHIBIT "A"

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF HAWAII, STATE OF HAWAII, AND IS DESCRIBED AS FOLLOWS:

All of that certain parcel of land situate at Punahoa 2nd, District of South Hilo, Island and County of Hawaii, State of Hawaii, described as follows:

Lot 3, area 7,854 square feet, more or less, Block "D", as shown on Map 2, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 987 of Halai Hill Land Company, Inc.

Being all the property conveyed by the following:

Warranty Deed

Grantor: Damon Brad Hallward, as Trustee of The Damon Brad Hallward Trust dated November 22, 2004
Grantee: Daniel Joseph O'Phelan and Ellen Julia O'Phelan, husband and wife, as Tenants by the Entirety
Dated: January 25, 2006
Recorded: February 6, 2006 in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, as Document No. 3387746.

Being all of the property described in and covered by Transfer Certificate of Title No. 791,421.

TMK: (3) 2-3-016-010

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS, CWABS, INC., ASSET-BACKED, SERIES, 2007-5,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL JOSEPH O'PHELAN; ELLEN JULIA O'PHELAN; DEPARTMENT OF TAXATION - STATE OF HAWAII; JEFF MEEK; MARYLOU ASKREN; UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,<br><br>Defendants. | CIVIL NO. 15-1-0368<br>(FORECLOSURE)<br><br>HRS § 667-17 AFFIRMATION |

## HRS § 667-17 AFFIRMATION

I, the undersigned counsel, pursuant to Hawaii Revised Statutes § 667-17, and under the penalties of perjury, affirms as follows:

1. I am an attorney duly licensed to practice law in the State of Hawaii and am affiliated with the Law Firm of TMLF Hawaii, LLLC, the attorney of record for Plaintiff THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS, CWABS, INC., ASSET-BACKED, SERIES, 2007-5 ("Plaintiff") in the above-captioned mortgage foreclosure action. As such, I am fully aware of the underlying action as well as the proceedings had herein.

119580

2. On 08/04/2015, TMLF Hawaii, LLLC received a written communication from Mark McCloskey, Assistant Vice President of Specialized Loan Servicing, the servicing agent for plaintiff in the above-captioned mortgage foreclosure action, which informed me that he personally reviewed the Plaintiff's documents and business records for factual accuracy and that he confirmed the truth and veracity of the allegations set forth in the Complaint for Mortgage Foreclosure filed with the Court.

3. To safeguard against any improper notarization of documents, I personally did an examination of each notarized document attached to the Complaint and verified the following accuracies were apparent on the face of each document: (a) notary stamp was present; (b) notary stamp was not expired on the date the document was filed; (c) the State noted on notary stamp matched the State next to the notary's signature; (d) confirmed the name mentioned in notarization matched the name of person executing document; and (e) confirmed the date of the signature matches the date of the notarization.

4. Based on my examination of said documents, there were no improper notarizations detected.

5. Based upon the written communication from the person identified in Paragraph 2, as well as upon my own inspection and other reasonable inquiry under the circumstances, I affirm that, to the best of my knowledge, information and believe, the Summons, Complaint and other papers filed or submitted to the Court in this matter contain no false statements of fact or law and that the Plaintiff has legal standing to bring this foreclosure action. I understand my continuing obligation to amend this Affirmation in light of newly discovered material facts following its filing.

6. To the best of my knowledge, information and belief the allegations contained in the Complaint are warranted by existing law and have evidentiary support.

2

7. I am aware of my obligations under Hawaii Rules of Professional Conduct.

DATED: Honolulu, Hawaii, OCT 0 1 2015

_____
PETER T. STONE
DAISY LYNN B. HARTSFIELD
ANYA M. PEREZ
JENNY J.N.A. NAKAMOTO

Attorneys for Plaintiff

3

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT

STATE OF HAWAI'I

Case Name:_____

Civil No: __15-1-0368__

## FORECLOSURE MEDIATION NOTICE

**You have been served with a foreclosure complaint that could cause the loss of your home.**

The Court has a **Foreclosure Mediation Pilot Project** to assist parties to resolve foreclosure cases. You are eligible to participate in mediation under this Program if:
- (1) *you are the borrower or co-borrower, and*
- (2) *you occupy the property as your primary residence.*

Foreclosure mediation is a process in which a neutral mediator assists parties in trying to reach a <u>voluntary</u> agreement to avoid foreclosure. To help you prepare for mediation, you should consult with an attorney and with a HUD-certified counseling agency (which you can find by calling 1-888-995-4673 and/or going to www.995hope.org or www.gov/offices/hsg/sfh/hcc/hccprof14.frm). You may also bring your attorney to the mediation.

To participate in the Foreclosure Mediation Pilot Project, no later than <u>15 days</u> after you were served with this Notice, you must complete the Foreclosure Mediation Request attached and file these two documents (original and 3 copies) at:

Legal Documents Branch/Section
Circuit Court of the Third Circuit
Hale Kaulike
777 Kilauea Avenue
Hilo, HI 96720

if the property is located in the Districts of Kau, Puna, North Hilo, South Hilo, or

Hamakua, and the case will be heard in Hilo; or at:

>Legal Documents Branch
>Third Circuit Court
>Kona Division
>Keakealani Building
>79-1020 Haukapila Street
>Kealakekua, HI 96750

if the property is located in the Districts of North Kona, South Kona, North Kohala, or South Kohala, and the case will be heard in Kona.

You must immediately mail or deliver a <u>file-stamped</u> copy of these two documents to the Plaintiff's attorney, _____TMLF Hawaii LLLC_____, whose address is ___1001 Bishop Street, Suite 1000, Honolulu, HI 96813_____ and to:

>The Honorable Greg Nakamura
>Third Circuit Court
>Hale Kaulike
>777 Kilauea Avenue
>Hilo, HI 96720

if the case is to be heard in Hilo, or to:

>The Honorable Ronald Ibarra
>Third Circuit Court
>Kona Division
>Keakealani Building
>79-1020 Haukapila Street
>Kealakekua, HI 96750

if the case is to be heard in Kona. A conference will be held with the Judge to consider the Mediation Request. You <u>must</u> attend the conference

# IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT

## STATE OF HAWAI'I

### FORECLOSURE MEDIATION REQUEST

Your Name: _____

Address: _____

_____

Home Phone: _____  Cell Phone: _____

Work Phone: _____  Email Address: _____

Mailing Address: _____

_____

I request foreclosure mediation in my case and <u>certify</u> that I am the borrower or co-borrower in this case and I occupy the property referenced in this case as my primary residence.

Signature: _____

Print Name: _____

Date Signed: _____

Reprographics (03/10)  RevaComm 508 Certified                                    3C-P-396

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS, CWABS, INC., ASSET-BACKED, SERIES, 2007-5,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL JOSEPH O'PHELAN; ELLEN JULIA O'PHELAN; DEPARTMENT OF TAXATION - STATE OF HAWAII; JEFF MEEK; MARYLOU ASKREN; UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,<br><br>Defendants. | CIVIL NO. 15-1-0368<br>(FORECLOSURE)<br><br>SUMMONS |

## SUMMONS

STATE OF HAWAII

To the above-named Defendant United States of America, Department of the Treasury, Internal Revenue Service,

You are hereby summoned and required to file with the court and serve upon Peter T. Stone, Esq. and/or Daisy Lynn B. Hartsfield, Esq. and/or Anya M. Perez, Esq. and/or Jenny J.N.A. Nakamoto, Esq., at 1001 Bishop Street, Suite 1000, Honolulu, HI 96813, Attorney for Plaintiff The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the CertificateHolders, CWABS, Inc., Asset-Backed, Series, 2007-5 an Answer to the Complaint which is herewith served upon you, within 60 days after service of this summons

8

upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the District or Circuit courts permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

STATE OF HAWAII

To all of the above-named Defendants not named United States of America, Department of the Treasury, Internal Revenue Service,

You are hereby summoned and required to file with the court and serve upon Peter T. Stone, Esq. and/or Daisy Lynn B. Hartsfield, Esq. and/or Anya M. Perez, Esq. and/or Jenny J.N.A. Nakamoto, Esq., at 1001 Bishop Street, Suite 1000, Honolulu, HI 96813, Attorneys for Plaintiff, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the CertificateHolders, CWABS, Inc., Asset-Backed, Series, 2007-5 an Answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless

a judge of the District or Circuit courts permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

In accordance with the Americans with Disabilities and other applicable and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office at 3rd CIRCUIT 808-961-7440 or by Fax at 808-961-7146 at least ten (10) working days prior to your hearing or appointment date.

Dated: Hilo, Hawaii, _____OCT 12 2015_____.

_____
L. GLASGOW (SEAL)
Clerk of the Above Entitled Court